REYNOLDS v. LEVI.

BREACH OF CONTRACT—DAMAGES.

Plaintiffs, having contracted to put down a drive well for defendant—a well that defendant could not pump dry—at a specified price per foot, and having made four borings, and abandoned each because of obstructions, cannot, when prevented by defendant from proceeding with a fifth boring, recover, as part of their damages for breach of contract, the cost of the four unsuccessful borings.

Error to Sanilac; Beach, J. Submitted October 25, 1899. Decided December 2, 1899.

*Assumpsit* by Dwain Reynolds and William N. Rogers against Edward Levi for breach of a well-drilling contract. From a judgment for plaintiffs for less than the amount claimed, they bring error. Affirmed.

*F. E. Burton*, for appellants.

*C. F. Gates* and *D. S. McClure*, for appellee.

MONTGOMERY, J. The case made below, as stated by the plaintiffs and appellants, was as follows: On or about October 1, 1894, plaintiffs were the owners of a well-drilling machine, and were engaged in the business of drilling farm wells in the vicinity of Marlette, Sanilac county. Defendant was the owner of a farm near Marlette, upon which he did not live at the time. The parties entered into a verbal contract, under the terms of which plaintiffs were to put down a drive well on defendant's farm,—a well that defendant could not pump dry,—for which defendant agreed to pay plaintiffs $1.25 per foot. Plaintiffs commenced work, and, after going down about 100 feet, struck shale rock, and got "hung up." Defendant was present at this time, and designated a new place for plain-

tiffs to drill, and also designated another place for plaintiffs to drill in case they got "hung up" in the second hole. Plaintiffs made a new boring at the place designated by defendant, and, after going down about 60 feet, met with another obstruction, and had to pull out. Plaintiffs then made an arrangement with defendant to go away for a time to do other work, and to return and start a third boring, and to board themselves on their return. Plaintiffs returned in the spring of 1895, and made the third boring, going down about 70 feet, and, meeting with another obstruction, made a fourth boring in the vicinity designated by defendant, going down about 100 feet, when another obstruction was met; whereupon the parties made an agreement whereby the plaintiffs were to have time to get special tools with which to complete the work. Immediately upon obtaining the tools and the completion of the jobs on hand, per agreement with defendant plaintiffs proceeded to make another boring, and, after going down about 40 feet, were stopped by defendant. Under the charge of the court, recovery was limited to the last boring, for which plaintiffs received a verdict of $15.

The plaintiffs offered no proof of the damages sustained by the breach of the contract by defendant, except as the cost of the work in the effort to find water bears on the question. The plaintiffs contend that the value of labor expended is the proper measure of damages. We do not consider this position tenable. The award of damages for a breach of contract is for the purpose of compensating the nondefaulting party for the injury sustained. It is apparent that, up to the time when the plaintiffs attempted the last boring, the labor which they had expended, and which, according to their present claim, amounted to nearly $250, had been expended in vain. No part of its cost could have been recovered if they had completed the contract. Why, then, should they recover it now, unless, instead of compensating them for the injury which they sustained by the breach, they be permitted to recover a sum which has no true relation to the damages sustained,

but operates rather by way of punishment to the defendant? It is none the more to be considered as compensatory because it happens to be a sum equal to the cost to them of work which before the breach proved unavailing. Had the plaintiffs shown loss of profits in putting down the well on which they were at work, a different question would have been presented.

The judgment is affirmed.

The other Justices concurred.